IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TYLER SHAWN SNODERLY                                                                    PLAINTIFF

v.                                    Civil No. 5:20-cv-05098

TRINITY FOODS, Food Service Provider
for the Benton County Detention Center;
GABRIEL (Last Name Unknown), Supervisor
for Trinity Foods; CORPORAL TAYLOR;
and DEPUTY DOWDLE                                                                       DEFENDANTS

## OPINION AND ORDER

Plaintiff, Tyler S. Snoderly, currently an inmate of the Benton County Detention Center ("BCDC"), has filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I. BACKGROUND

According to the allegations of the Complaint (ECF No. 1) and Amended Complaint (ECF No. 6),[1] on April 13, 2020, Gabriel, a kitchen supervisor, who is employed by Trinity Foods, the food service provider for the BCDC, asked Plaintiff[2] "if myself and another inmate [Tanner] have ever taken a shower together." (ECF No. 1 at 5, 10). On April 15th, Plaintiff alleges the "same incident happened again." (ECF No. 1 at 4; ECF No. 6 at 5). This time another inmate, Melvin

---

[1] On June 12, 2020, Plaintiff filed an Amended Complaint (ECF No. 6) substituting Corporal Taylor and Deputy Dowdle in place of the Benton County Sheriff's Department.
[2] Plaintiff is incarcerated due to a parole violation. (ECF No. 6 at 3).

Wishon, was with the Plaintiff. (ECF No. 1 at 10). Plaintiff asserts that Gabriel's conduct violated the Prison Rape Elimination Act ("PREA") guidelines. (ECF No. 1 at 9). Plaintiff indicates that his job assignment has been changed and he has been "removed from any further danger of the situation repeating itself in the kitchen. *Id.*

After the April 13, 2020 incident, Plaintiff alleges he reported the sexual misconduct to Corporal Taylor and Deputy Dowdle. (ECF No. 1 at 6, 10; ECF No. 6 at 4). Plaintiff gave a statement, but Plaintiff asserts that no action or follow-up occurred on April 14th. (ECF No. 1 at 10; ECF No. 6 at 4). He alleges nothing was done to secure his safety. (ECF No. 6 at 4).

From April 16 to 22, 2020, Plaintiff felt his sexual misconduct complaint was overlooked by Corporal Taylor. (ECF No. 1 at 10). Plaintiff alleges that during this period Gabriel "still made me feel uncomfortable while working because [of] the way he handled himself around me." *Id.* After he filed a grievance on April 23rd, Lieutenant Banta responded he would look into it. *Id.* at 9. That evening Joe Adams, with human resources, came and asked Plaintiff what was going on in the kitchen. *Id.* On April 24th, Sergeant Stamps pulled Plaintiff and his witness, Melvin Wishon, out of the kitchen and took their statements. *Id.* Plaintiff was removed from the kitchen while an investigation was performed. *Id.* Plaintiff alleges he felt like Corporal Taylor did not take his "safety as serious as" Sergeant Stamps. *Id.* Plaintiff states he felt that April 24th was the first time Sergeant Stamps had heard about Plaintiff's sexual misconduct complaint. *Id.*

After these two incidents, Plaintiff alleges he was unable to put it out of his mind and thinks about it every day. (ECF No. 1 at 7, 11; ECF No. 6 at 8). He indicates he will have to live the rest of his life thinking about this. *Id.*

Plaintiff asserts a sexual harassment claim against Trinity Foods and Gabriel. (ECF No. 1 at 4-5). Plaintiff asserts Corporal Taylor and Deputy Dowdle "failed to protect [him] under

PREA guidelines." *Id.* Plaintiff alleges he was told nothing was going to be done about it because Gabriel had "done it in the past to other inmates and nothing was done to him by Trinity Foods or Benton Co. Jail." *Id.* at 9. Plaintiff seeks an award of compensatory and punitive damages.

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the

constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

### A. Official Capacity Claims

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against their employer – Benton County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a [county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 2014 (8th Cir. 2013). To establish Benton County's liability under Section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). "A policy is a deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Hayes v. Faulkner Cnty.*, 388 F.3d 669, 674 (8th Cir. 2004) (internal quotation marks and citation omitted). To constitute a custom the alleged unconstitutional conduct must be "continuing, widespread, and persistent." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

Other than stating the sexual harassment has been allowed to occur, Plaintiff has not alleged the existence of any such policy or custom. The official capacity claim fails to state a claim upon which relief may be granted. While Plaintiff indicates in his Complaint (ECF No. 1) and Amended Complaint (ECF No. 6) that he is bringing only official capacity claims, for the reasons

set forth below, it would be futile to allow him to amend to bring individual capacity claims against the Defendants.

### B. Violation of PREA

Section 1983 does not create any substantive rights. Rather, it provides a remedy for violations of constitutional rights or rights created under federal law. *Tarsney v. O'Keefe*, 225 F.3d 929, 939 (8th Cir. 2000). While there appear to be no Eighth Circuit decisions on point, it is clear PREA, 34 U.S.C. §§ 3030 *et seq.*, does not create a private cause of action. *Krieg v. Steele*, 599 F. App'x 213, 232-33 (5th Cir. 2015); *Wilmoth v. Sharp*, No. 6:15-cv-06057, 2018 WL 1092031, *3 (W.D. Ark. Feb. 27, 2018); *Miller v. Griffith*, No. 4:16-cv-539, 2016 WL 1718229, *2 (E.D. Mo. Apr. 28, 2016). Therefore, any claim raised under PREA is properly dismissed as frivolous.

### C. Verbal Sexual Harassment

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). However, mere verbal harassment has been held not to constitute a violation of the Eighth Amendment. In an unpublished decision, *Howard v. Everett*, 208 F.3d 218, *1 (8th Cir. 2000) (Table), the Eighth Circuit noted that although "sexual comments and gestures were reprehensible, that "sexual harassment, absent contact or touching, does not constitute the unnecessary and wanton infliction of pain." *Id.* (citing *Seltzer-Bey v. Delo*, 66 F.3d 961, 962-63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with

nightstick were sufficient to withstand a summary judgment motion); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (allegations in verified complaint that prison guard performed almost daily pat-down searches, tickled inmates, and deliberately examined genital, anus, lower stomach and thigh areas were sufficient to withstand summary judgment motion)). Similarly, verbal harassment in general has been held not to be cognizable under § 1983. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actional under § 1983).

### D.　Failure to Protect

Here, Plaintiff alleges Corporal Taylor and Deputy Dowdle allowed him to remain on duty in the kitchen area following his PREA complaint. Because of this, Plaintiff maintains he was sexually harassed a second time.

To prevail on his failure to protect claim, Plaintiff must demonstrate that: (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) prison officials were "deliberately indifferent [to his] health or safety." *See Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011) (internal citations omitted); *Lenz v. Wade*, 490 F.3d 991, 996 (8th Cir. 2007) (claim against warden for failure to protect inmate from harm by an officer). The first requirement is an objective one. Plaintiff must show the situation presented a substantial risk of serious harm. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). To establish deliberate indifference, Plaintiff must show Corporal Taylor and Deputy Dowdle "actually kn[ew] of the substantial risk and fail[ed] to respond reasonably to it." *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010).

Plaintiff's allegations fall short of alleging a cause of action. The alleged verbal harassment does not suggest Plaintiff was incarcerated under conditions posing a substantial risk of serious harm. Moreover, other than the mere passage of two days, there is no allegation

sufficient to suggest Corporal Taylor or Deputy Dowdle acted with deliberate indifference or failed to take reasonable measures to abate a substantial risk of serious harm of which they were aware. *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996); *see also Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) (negligence does not establish a failure to protect claim).

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g).   The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

IT IS SO ORDERED this 13th day of July 2020.

/s/ P.K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE